Otis L. RANSOM, Appellant,

v.

UNITED STATES, Appellee.

No. 07–CO–129.

District of Columbia Court of Appeals.

Submitted April 3, 2008.
Decided May 1, 2008.

Patrick T. Hand, appointed by the court, was on the brief for appellant.

Jeffrey A. Taylor, United States Attorney, and Roy W. McLeese III, Elizabeth Trosman, Sherri L. Berthong, and Perham Gorji (a member of the Delaware Bar), Assistant United States Attorneys, were on the brief, for appellee.

Before BLACKBURNE–RIGSBY, Associate Judge, and FERREN and STEADMAN, Senior Judges.

FERREN, Senior Judge:

Otis L. Ransom sold an undercover police officer three bags of heroin. After a two-day jury trial, he was convicted of distributing heroin within 1,000 feet of a Drug–Free Zone, D.C.Code §§ 48–904.01(a)(1), 904.07a (2001), and sentenced to prison for fourteen months, followed by five years of supervised release. On direct appeal his conviction was affirmed.[1] Ransom also filed a Motion for New Trial Based Upon Ineffective Assistance of Counsel. D.C.Code § 23–110 (2001). The trial court denied the motion without a hearing. On appeal from that denial, Ransom argues that the trial court abused its discretion by denying his motion without a hearing. We affirm.

## I.

 "We review the denial of a § 23–110 motion for an abuse of discretion." *Cade v. United States*, 898 A.2d 349, 354 (D.C.2006). Although there is a presumption that the trial court should conduct a hearing on a motion alleging ineffective assistance of counsel, the denial of such motion without a hearing can be sustained if the motion has (1) "vague and conclusory allegations," or (2) "palpably incredible claims," or (3) "assertions that would not merit relief even if true." *Dobson v. United States*, 711 A.2d 78, 83 (D.C.1998) (internal citations omitted). Here, the trial judge denied the motion primarily for the third reason, a conclusion with which we agree.

 Ransom argues, initially, that *Strickland*[2] prejudice must be presumed because trial counsel was not a member of the D.C. Bar during "four months leading up to the trial." First, the facts. Trial counsel, a member of the Maryland Bar since December 2001, received his appointment to represent Ransom on April 11, 2003,[3] four days after Ransom's arraign-

---

**1.** *Ransom v. United States*, 932 A.2d 510 (D.C. 2007).

**2.** *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see United States v. Cronic*, 466 U.S. 648, 656–657, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

**3.** Counsel was appointed to replace a lawyer appointed six weeks earlier.

ment. He was sworn into the D.C. Bar five months later on September 8, 2003, four months before trial began on January 7, 2004. During the period of pre-trial preparation when his admission to the D.C. Bar was pending, counsel was assisted by an experienced member of the D.C. Bar, the long-time director of the Georgetown Criminal Justice Clinic where counsel was employed as a clinical fellow.

■ We agree with the United States Court of Appeals in this jurisdiction that, "[s]tanding alone, the mere fact of a trial attorney's nonmembership in the local bar is not necessarily sufficient to find that the right to effective counsel was breached." *United States v. Butler,* 504 F.2d 220, 223–224 (D.C.Cir.1974); *see also In re Brown,* 454 F.2d 999, 1004 (D.C.Cir.1971) (recognizing that "[p]articipation in litigation—even criminal litigation—by nonmembers of the local bar simply by obtaining leave of court is a common event in this and other courts").[4] Unlike the situation in *Butler,* moreover, *see supra* note 4, there is no evidence here—as counsel on appeal concedes—that trial counsel misrepresented his bar status to the court. Nor does Ransom contend that counsel's clinic employer, including the director who was assisting him, was unaware of counsel's bar status. Furthermore, although counsel acknowledged that this was his "first or second jury trial," Ransom does not allege that counsel had no other relevant trial experience. Finally, counsel had been admitted to practice law in Maryland for sixteen months before he began to represent Ransom, and he was employed as a supervised fellow in the Georgetown Criminal Justice Clinic when he received that

appointment. Counsel, we must say, was not an untutored neophyte.

The trial judge considered counsel's affiliation with the Georgetown clinic to be of particular importance here. In denying Ransom's motion, the judge noted that, because counsel was employed by the Georgetown clinic "at the time he entered his appearance" and was "supervised by [the Clinic director] during the course of the defendant's trial," his representation of Ransom "would have been permissible under D.C. Court of Appeals Rule 49(c)(9)(B)." As the judge further stated, "Rule 49(c)(9)(B) permits an attorney who is licensed to practice in another state and employed by a non-profit organization in D.C. that provides legal services for indigent clients to practice in D.C. if he or she is supervised by a member of the D.C. bar." Under this rule, an attorney must submit "an application for admission to the District of Columbia Bar within ninety (90) days after commencing the practice of law in the District of Columbia"—a requirement trial counsel had met, as his D.C. bar application was pending at the time he was appointed to represent Ransom. The attorney also must "give notice of his or her bar status ... as if he or she were an enrolled, active member of the District of Columbia Bar." A Form 9 is appended to the rule for the purpose of giving notice "to the court and the parties." Commentary to § 49(c)(9). Trial counsel, therefore, was qualified in every respect to represent Ransom in this jurisdiction if Form 9 notice was given.

Because the trial judge denied Ransom's motion without a hearing, we must accept, for purposes of review, Ransom's declara-

---

**4.** In *Butler,* the court vacated a conviction upon learning that counsel had misrepresented his bar membership to the court, to his law firm, and to his client. Furthermore, counsel, although backed up by co-counsel, had no previous trial experience and made critical trial errors, including failure to object to introduction of police officers' hearsay statements and to references to those statements in the government's closing argument. *Butler,* 504 F.2d at 223–224.

tion that he had not been aware of trial counsel's bar status "when he began representing me." We therefore agree with counsel on appeal that, because of this one apparent omission—a failure of Form 9 notice—Rule 49(c) was not entirely satisfied. We do not believe, however, that this particular omission amounts to reversible prejudice *per se* under *Strickland.* We are satisfied that trial counsel's sixteen-month membership in the Maryland Bar at the outset of the representation; his pending application to the D.C. Bar at that time; his membership in the D.C. Bar during four of the nine months before trial, as well as during trial; his level of trial experience, coupled with his supervision by the director of the Georgetown Criminal Justice Clinic, combine to bring substantial enough compliance with Rule 49(c) to withstand a *per se* challenge.[5]

## II.

In addition to his *per se* argument, Ransom alleges particular deficiencies and prejudice.[6] He complains that he "was deprived of a licensed attorney during much of the period during which investigation, discovery and plea negotiations would be conducted." The record reflects that trial counsel filed pretrial motions to suppress statements, identifications, and other evidence on Ransom's behalf on August 20, 2003, two weeks before his admission to the D.C. Bar, and represented Ransom at the pretrial motions hearing on January 6, 2007, four months after counsel's D.C. bar admission. Ransom proffers no particular deficiency or prejudice from those efforts,

however, in which counsel collaborated with his supervisor, the Criminal Justice Clinic Director. There is no record basis, therefore, for discerning constitutional ineffectiveness.

## III.

 Finally, Ransom faults counsel for trial errors in failing to call any of the three witnesses that Ransom proposed to bolster his defense—errors, he claims, that deprived him of his Sixth Amendment right to counsel. We cannot agree; there is no evidence of deficient or prejudicial trial performance in this respect. Trial counsel, assisted by the clinic director, did call various witnesses on Ransom's behalf but, in consultation with the director, made tactical decisions not to call the witnesses Ransom himself proposed. According to counsel's affidavit, one of these witnesses, Theodore Parker, had been convicted of attempted robbery and in counsel's assessment "would not have handled the government's expected cross-examination in an effective manner." Testimony from Kameka McNair, another of Ransom's proposed witnesses, would have been too prejudicial, according to counsel, because she would inevitably have revealed the history of domestic violence between her and Ransom. Furthermore, the trial judge, after reviewing the testimonies of Parker and McNair proffered in Ransom's own declaration, concluded that they would have had "limited value" to Ransom's defense and would not "have altered the outcome" of the trial, a conclusion we see no basis for

---

**5.** *Compare United States v. Myles,* 10 F.Supp.2d 31 (D.D.C.1998) (A *"per se* rule applies where a defendant is represented by an individual who has never been admitted to any court's bar, or if the defendant is represented by someone with little or no legal training who is masquerading as an attorney.").

**6.** "To establish ineffective assistance of counsel, an appellant must demonstrate first that his trial counsel's performance was deficient ... [and second] that the deficient performance resulted in prejudice that deprived the defendant of a fair trial." *Rivera v. United States,* 941 A.2d 434, 442 (D.C.2008) (internal citations omitted) (citing *Strickland,* 466 U.S. at 687, 689–691, 466 U.S. 668).

disputing given the marginal relevance and probative value of this evidence. Finally, the trial judge pointed out that Ransom did not make any proffer of the expected testimony of the third witness, Tasha, "or even list her last name."

█ Moreover, even if Ransom's declaration did proffer witnesses whose testimony would have aided the defense, he was obliged to provide an affidavit, declaration, or other credible proffer from the proposed witnesses themselves; and failure to do so, in itself, is a sufficient ground for rejecting without a hearing all allegations of ineffectiveness based on withholding such witnesses. *E.g., Lanton v. United States*, 779 A.2d 895, 902 (D.C.2001); *Fields v. United States*, 698 A.2d 485, 489 (D.C.1997), *cert. denied*, 523 U.S. 1012, 118 S.Ct. 1203, 140 L.Ed.2d 331 (1998); *Reaves v. United States*, 694 A.2d 52, 57 n. 6 (D.C.1997). In seeking a new trial, Ransom failed to submit an affidavit or other credible proffer from any of his proposed witnesses, and thus his "witness" argument has no traction.

\* \* \* \* \* \*

In sum, Ransom's assertions based on defective bar membership, deficient and prejudicial pretrial preparation, and failure to call witnesses, while not all "palpably incredible," are in many respects "vague and conclusory" and, even if true, "would not merit relief." *Dobson*, 711 A.2d at 83. The trial court, therefore, did not abuse its discretion in denying the motion for new trial without a hearing. Accordingly, the judgment on appeal herein is affirmed.

*So ordered.*